Form B 250A (12/09)

# United States Bankruptcy Court
## SOUTHERN District Of TEXAS

In re JOHN H. HAMILTON, SR.,
Debtor

Case No. 10-35770

Chapter 7

RONALD J. SOMMERS, TRUSTEE
Plaintiff

v.
JOHN H. HAMILTON, SR. and
HAMILTON FAMILY TRUST
Defendant

Adv. Proc. No. 11-03219

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of the clerk: 515 RUSK STREET, ROOM 5300
HOUSTON, TX 77002

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:
AARON M. GUERRERO
SNOW FOGEL SPENCE LLP, 2929 ALLEN PARKWAY, SUITE 4100,
HOUSTON, TX 77019

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

DAVID J. BRADLEY
_____ (Clerk of the Bankruptcy Court)

Date: MAY 2 0 2011

_____ (Deputy Clerk)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN H. HAMILTON, SR., | § § | Case No. 10-35770 |
| DEBTOR. | § § | (Chapter 7) |

| | | |
|---|---|---|
| RONALD J. SOMMERS, TRUSTEE | § § | |
| Plaintiff, | § § | |
| v. | § § § | Adv. Cause No. _11-03219_ |
| JOHN H. HAMILTON, SR. and HAMILTON FAMILY TRUST | § § § | |
| Defendants. | § | |

**TRUSTEE'S MOTION FOR EXPEDITED HEARING ON THE TRUSTEE'S
APPLICATION FOR PRELIMINARY INJUNCTION**
(Related Doc. 1)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFF BOHM:

Ronald J. Sommers, Trustee of the Estate of John H. Hamilton, Sr., (the "Trustee") files this Motion for Expedited Hearing on the Trustee's Application for Preliminary Injunction that was filed on May 17, 2011 in the above-captioned adversary proceeding, and would respectfully show the Court as follows:

1. On May 17, 2011, Trustee filed his Original Complaint for Declaratory Judgment, the Turnover of Property of the Estate and Application for Preliminary Injunction. By the Complaint, the Trustee seeks to have declared property that is possessed and controlled by the Hamilton Family Trust, which is a Texas trust that was self-settled by the Debtor for his own benefit, property of the estate of John H. Hamilton, Sr. ("Debtor"). The Trustee also seeks to recover such property for the Debtor's estate. In addition, the Trustee seeks preliminary and permanent injunctive relief that requires John H. Hamilton, Sr. and the Hamilton Family Trust to immediately turnover property of the estate and to restrain from selling, transferring, disposing, or otherwise using property of the estate.

2. According to the Debtor, the Hamilton Family Trust purports to be a Texas spendthrift trust that was settled by the Debtor's mother, Edith Hamilton. Debtor is the primary beneficiary of the Hamilton Family Trust.

3. Upon information and belief, the Hamilton Family Trust was, in fact, settled by the Debtor. Thus, the Hamilton Family Trust is a self-settled trust and the assets of the Hamilton Family Trust are property of the estate. There has been no evidence that the Debtor's mother provided the Trust with any assets.

4. Through his testimony, the Debtor has implied that he has little knowledge about the Hamilton Family Trust and that we would need to speak to the Trustee of the Hamilton Family Trust to learn about its assets and management. After examining the current and former

2

trustees of the Hamilton Family Trust, the Trustee has learned that the Debtor, not the trustee, manages the Hamilton Family Trust.

5. Through his investigation, the Trustee has been able to identify the following assets within the Hamilton Family Trust:

- 18,543 shares of Independence Bank, N.A., stock certificates #0217 and 0267;

- 1955 Chevrolet Bellaire (Vehicle Identification Number T222140);

- 1966 Ford Mustang (Vehicle Identification Number 6F08C362507);

- $108,007.00 from the sale of Lot 16, New City Block 15680, Wetmore Heights Subdivision Unit 2, City of San Antonio, Bexar County, Texas, According to Map or Plat Thereof Recorded in Volume 9533, Page(s) 203, Deed and Plat Records of Bexar County, Texas (the "Wetmore Property"); and

- A life insurance policy with the Debtor named as the insured.

6. Both the current trustee and the former trustee of the Hamilton Family Trust have verified that the Debtor, not themselves, are responsible for the management and operations of the Hamilton Family Trust.

7. The Trustee's investigation has also revealed a bank account with Chase Bank in the name of the "Estate of John H Hamilton Sr. Debtor". The Debtor used this bank account as recently as April 15, 2011 to pay his country club dues and expenses at the Weston Lakes Country Club and to take guests on a golf outing. The Debtor failed to disclose this bank account in his schedules.

8. It is imperative that the Court expedite the hearing on the Trustee's Application for Preliminary Injunction because if these properties are sold, used or disposed of—the proceeds of which belong to the Trustee—those proceeds will be transferred to accounts in favor of Mr. Hamilton and/or other persons or entities that will make recovery of the proceeds near impossible.

9. In addition, the evidence shows that Mr. Hamilton is continuously using these properties for excessive items such as country club expenses. As such, any likelihood of recovery for the bankruptcy estate is diminishing by the day. Without an injunction, the Trustee will likely be unable to recover the properties or the proceeds of any sale of these properties, even if the Trustee is successful in this litigation. As a result, the creditors recovery from the Debtor's estate will be further diminished.

10. Expediting the Application is in the best interest of the Debtor, his estate and the Debtor's creditors. If the Application is not expedited, significant assets that could benefit the creditors of the Debtors will be lost.

**WHEREFORE, PREMISES CONSIDERED**, Trustee respectfully prays the Court enter the attached Order setting an expedited hearing on the Trustee's Application for Preliminary Injunction and that he have such other and further relief to which he may be entitled.

Date: May 17, 2011

Respectfully submitted,

SNOW FOGEL SPENCE LLP

By: _____
Ross Spence
State Bar No. 18918400
Email: rossspence@snowfogel.com
Aaron M. Guerrero
State Bar No. 24050698
Email: aaronguerrero@snowfogel.com
2929 Allen Parkway, Suite 4100
Houston, TX 77019
Telephone: (713) 335-4800
Telecopier: (713) 335-4848
**COUNSEL FOR RONALD J. SOMMERS, TRUSTEE**

4

## CERTIFICATE OF ACCURACY

I, counsel for Ronald J. Sommers, Trustee, certify that I have read the foregoing Motion for Expedited Hearing on the Trustee's Application for Preliminary Injunction and hereby certify that it is accurate to the best of my knowledge.

Aaron M. Guerrero

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2011, I sent a true and correct copy of the above and foregoing Trustee's Motion for Expedited Hearing on the Trustee's Application for Preliminary Injunction to the following parties by the following means:

(1) Counsel for Debtor (via Facsimile 713.521.0842);

Calvin C. Braun
Orlando & Braun, L.L.P.
3401 Allen Parkway, Suite 101
Houston, TX 77019-1857

(2) Debtor (via First Class Mail and CMRRR);

John H. Hamilton, Sr.
P.O. Box 115
Simonton, TX 77476-0115

(3) Proposed Counsel for Debtor (via Email jcarruth@wkpz.com);

Jeff Carruth
Wycer, Kaplan, Pilaski & Zuber, P.C.
3030 Matlock Road, Suite 201
Arlington, Texas 76015

(4) James Mulder (via First Class Mail and CMRRR);
Trustee of the Hamilton Family Trust
4545 Mt. Vernon
Houston, Texas 77006-5815

Aaron M. Guerrero